UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CONSTANCE M. EVERY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 1:26-cv-126 |
| v. | ) | |
| | ) | Judge Collier |
| CITY OF CHATTANOOGA, *et al.*, | ) | Magistrate Judge Dumitru |
| | ) | |
| *Defendants.* | ) | |

**<u>MEMORANDUM & ORDER</u>**

On August 3, 2026, United States Magistrate Judge Dumitru filed a report and recommendation (the "R&R") pursuant to 28 U.S.C. § 636(b) and the standing orders of this Court. (Doc. 12.) The R&R recommended that the Court deny Plaintiff's motions to proceed *in forma pauperis* (Docs. 1, 10). (Doc. 12 at 2.) On August 13, 2026, Plaintiff Constance Every timely filed objections to the R&R. (Doc. 13.) The Court has reviewed the R&R and Plaintiff's objections, as well as the record. The Court agrees with the R&R's conclusion that Plaintiff's motions to proceed *in forma pauperis* (Docs. 1, 10) should be denied. Therefore, the Court will overrule Plaintiff's objections (Doc. 13), accept the R&R (Doc. 10), and deny Plaintiff's motions to proceed *in forma pauperis* (Docs. 1, 10).

As Plaintiff's second motion (Doc. 10) states and the R&R (Doc. 12) describes, Plaintiff's monthly income is $5,255.52. This total includes $1,317.00 per month in Social Security disability benefits and $3,938.52 per month in benefits from the United States Department of Veterans Affairs. (Doc. 12 at 2.) Meanwhile, Plaintiff's monthly expenses are $4,038.74. (*Id.*) This total includes her rent, car note, and other expenses. (*Id.*)

Under 28 U.S.C. § 1915, a court may authorize a plaintiff who lacks the financial means to bring a lawsuit to proceed "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). This is known as proceeding "*in forma pauperis*." *See* 28 U.S.C. § 1915. To proceed with a lawsuit *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), a plaintiff must submit an affidavit showing an inability to pay the filing fee while at the same time being "able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Plaintiff puts forth three specific objections to argue that she is entitled to proceed IFP under this standard.

First, Plaintiff objects that the R&R's decision to "treat . . . the $1,216.78 arithmetic difference" (between her monthly income and monthly expenses) "as unrestricted, presently available disposable income" was incorrect. (Doc. 13 at 2.) She points to the fact that her cash and bank funds are much lower, only $26.96, and explains the negative financial impacts of a not-at-fault car accident that occurred on May 29, 2026. While courts certainly consider the nature of different sources of income, the IFP inquiry is not limited to considering only a litigant's liquid and readily available funds. Indeed, § 1915(a)(1) expressly instructs a litigant seeking to proceed IFP to "submit . . . an affidavit that includes a statement of *all assets* such prisoner (*sic*) possesses."[1] 28 U.S.C. § 1915(a)(1) (emphasis added). So, the R&R correctly considered the difference between Plaintiff's income—which included anticipated monthly benefits payments and other assets, not just current cash and bank funds—and her expenses.

[1] The Court of Appeals for the Sixth Circuit has held that "prisoner possesses" should instead read "person possesses," due to a "typographical error in the final version of the statute." *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997), *superseded on other grounds as stated in Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006).

Further, the Court agrees that, assessing the various facts in the application, Plaintiff is able to pay the filing fee without foregoing the necessities of life. The $405.00 filing fee is approximately one-third of the $1,216.78 monthly total of Plaintiff's income minus expenses. Even accepting Plaintiff's contention that this total is somewhat of an overestimate because of her lack of liquidated funds and the impact of the May 2026 car accident, the full fee is acceptable here. A litigant need not contribute "the last dollar they have or can get, and thus make themselves and their dependents wholly destitute," in order to pay the filing fee. *Adkins*, 335 U.S. at 339. But even a litigant whose lawsuit "would require some financial sacrifice in order . . . to pay the filing fee" may fall short of qualifying for IFP status. *Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007).

Several courts have denied IFP status to litigants who would incur an economic burden proportionate to or even greater than Plaintiff's. *See, e.g.*, *Jones v. Vital & FNR N. Am.*, No. 3:24-CV-01612, 2024 WL 4416857, at *1 (N.D. Ohio Oct. 4, 2024) (IFP status denied where monthly income for plaintiff's household was $4,050 and monthly expenses totaled $3,571); *Mason v. Staffing*, No. 3:19-CV-369, 2019 WL 13261521, at *1 (M.D. Tenn. May 13, 2019) (IFP status denied for plaintiff with monthly net income of $2,500 and total income of $28,000 over past 12 months, albeit with $910 in cash); *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. App'x 239, 240 (6th Cir. 2001) (district court did not abuse discretion when it denied IFP status to plaintiff with annual income of approximately $42,000); *McMurray v. McWherther*, 19 F.3d 1433, at *1 (6th Cir. 1994) (table) (in multi-plaintiff prisoner action, plaintiffs ordered to pay $60 filing fee where their aggregated monthly income exceeded $140).

Second, Plaintiff argues that the R&R should have considered the "combined effect of two simultaneous filing-fee recommendations." (Doc. 13 at 3.) Plaintiff asserts that the Court should consider her ability to pay $810.00 in filing fees, rather than $405.00, because she has filed two civil-rights actions in the Eastern District of Tennessee. (*Id.*) On this point, the undersigned must agree with the logic that the Court articulated in responding to the same objection asserted by Plaintiff in her other civil-rights suit, Case No. 1:26-CV-85. "[A]ccepting [Plaintiff's] argument would lead to an odd result: a litigant could establish indigency simply by filing enough lawsuits to increase her potential filing-fee obligations." *Every v. Chattanooga*, No. 1:26-CV-85, 2026 WL 2882519, at *2 (E.D. Tenn. Sept. 25, 2026). Therefore, the Court finds no merit in this objection.

Third, Plaintiff raises the alternative of a "partial prepayment or payment schedule." (Doc. 13 at 3.) The Court agrees with the premise of this argument, which is that the federal courts have discretion under § 1915(a)(1) to determine an appropriate filing fee for a litigant seeking IFP status. *See Samarripa v. Ormond*, 917 F.3d 515, 517–19 (6th Cir. 2019); *see also Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) ("Although it is not axiomatic, the greater power to waive all fees includes the lesser power to set partial fees. . . . [R]equiring a partial payment within a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.") But, in light of the information in Plaintiff's application, the Court does not see the necessity for partial prepayment (or a payment schedule) here.

Accordingly, Plaintiff's objections (Doc. 13) are **OVERRULED.** The Court **ACCEPTS and ADOPTS** Magistrate Judge Dumitru's findings of fact and conclusions of law set forth in the R&R (Doc. 12). It is **ORDERED** that Plaintiff's motions to proceed *in forma pauperis* (Docs. 1, 10) are **DENIED**. Plaintiff **SHALL** either pay the full filing fee within **thirty (30) days** of the

issuance of this Order or show cause why her claims should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). If Plaintiff fails to do so, the Court will dismiss this action without prejudice.

**SO ORDERED.**

**ENTER:**

**/s/ ____________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**